## ANDERSON *v.* FRAZIER.

A sheriff who sold wild lands under tax executions issued against the same and extended credit for all of the purchase-money in excess of the amounts due for the taxes and costs, and who was thereafter lawfully compelled to pay into the State treasury a sum equal to the balance of the purchase-money, did not, because of this fact and of the further fact that he subsequently allowed the debt due for such balance by the purchaser of the lands to become barred by the statute of limitations, acquire any right, either legal or equitable, to the possession or ownership of the property so sold; nor could such sheriff, by attempting to enforce against the purchaser a supposed right of this kind, indirectly compel the latter to pay the barred debt.

Argued October 2, — Decided October 29, 1900.

Complaint for land. Before Judge Fite. Whitfield superior court. April term, 1900.

*Jones & Martin*, for plaintiff in error.
*R. J. & J. McCamy*, contra.

LUMPKIN, P. J.   Under tax executions issued by the tax-collector of Whitfield county against two lots of wild land, the same were duly sold by S. A. Frazier, as sheriff, to W. A. Anderson.  The latter paid to the sheriff sufficient sums to satisfy the amounts due for taxes and costs, and was allowed to retain in his hands the balance of the purchase-money under a promise to pay the same to the sheriff "at the expiration of two years, the time for the redemption of said lots by the owner."  No deed was executed and delivered by the sheriff to Anderson.  Subsequently the sheriff was compelled to pay over to the comptroller-general the amounts which he ought to have collected from Anderson.  After Anderson's promise to the sheriff had become barred by the statute of limitations, the officer sought by means of an equitable proceeding against Anderson, upon the state of facts above recited, to recover possession of the lots and to obtain a decree that the title to the same was in the sheriff in his individual right.  The jury returned a verdict finding "that the rights to titles" to the lots in question were in the plaintiff, and that the defendant was due to the plaintiff specified sums with interest.  Upon this verdict the court decreed that the title to the two lots of land was in S. A. Frazier, subject to the right of the defendant, W. A. Anderson, to have the same transferred to him upon payment of the amounts named in the verdict, and that this right of Anderson's was to cease unless payment should be made by him within sixty days.  The question presented for decision here is whether or not Frazier was entitled to the relief thus granted to him.  We have no hesitation in holding that he was not.  It was plainly his duty as sheriff, upon completing the sales, to demand of Anderson the full amount of the purchase-money and, on receipt thereof, to convey to him the lots.  Instead of so doing, the sheriff chose to extend credit to Anderson and rely on his promise to pay.  As between these two, the promise was good until it became barred.  After that, Frazier simply stood in the position of any other creditor who has permitted a claim to become barred by the statute of limitations.  We are at an entire loss to conceive upon what theory the sheriff could claim title to the property, either in his official or in his individual right.  The fact that he was properly required to account to the comptroller-general for the purchase-money of the lots certainly did not make the officer the owner of the same, in law or in equity.  Nor did

Anderson's failure to comply with his promise afford any basis whatever for decreeing title in Frazier upon the idea that Anderson held the premises in trust for the benefit of Frazier. Indeed, under the facts recited, Anderson had no title which could be by decree or otherwise transmitted to the sheriff. Neither the verdict nor the decree is sustainable under any principle of law or equity jurisprudence known to us, and the trial judge erred in not setting the same aside. *Judgment reversed. All the Justices concurring.*